# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSHUA RILEY,

        Plaintiff,

vs.

ZUFFA, LLC, *et al.,*

        Defendants.

Case No. 2:17-cv-02308-APG-GWF

**ORDER**

      This matter is before the Court on Defendant's Unopposed Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation (ECF No. 9), filed on October 4, 2017.

      This matter arises from allegations of violations of state consumer protection laws as it relates to the streaming broadcast of the boxing match between Floyd Mayweather and Conor McGregor on August 26, 2017. Defendant requests a stay pending the resolution of whether the Judicial Panel on Multidistrict Litigation ("JPML") will transfer this case into a Multidistrict Litigation ("MDL") proceeding pursuant to 28 U.S.C. § 1407. Defendant represents that Plaintiff does not oppose the stay.

      Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). District courts have the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163 (1936). Courts consider the following factors when deciding whether to grant a motion to stay proceedings pending the MDL panel's decision: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party; and (3) the judicial resources that would be saved by avoiding duplicative litigation..."

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *2 (E.D. Cal. May 15, 2014).

Some courts have been persuaded by the proposition that judicial economy is best served by deciding jurisdictional issues as early in the litigation as possible and before final transfer to the MDL Court. *Dent v. Lopez*, 2014 WL 3615784, at *5 (E.D. Cal. July 22, 2014); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004). Other courts have held that "deference to the MDL court for resolution of a motion to remand often provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system." *Little v. Pfizer*, Inc., 2014 WL 1569425, at *2 (N.D. Cal. Apr. 18, 2014); *Rifenberry v. Organon USA, Inc.*, 2014 WL 296955, at *1 (N.D. Cal. Jan. 26, 2014). Courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case. *Hernandez v. ASNI, Inc.*, 2015 WL 3932415, at *1 (D. Nev. June 24, 2015). The Court grants Defendant's request to stay the instant action pending the JPML's decision on whether to transfer this action to the MDL court. The parties shall file a status report no later than February 5, 2018 if a transfer order has not been entered. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Unopposed Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation (ECF No. 9) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall file a status report no later than **February 5, 2018** if a transfer ordered has not been entered.

DATED this 6th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge